**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ANGELA ORR, et al.** | § | |
| | § | |
| **v.** | § | **A-14-CV-212-LY** |
| | § | |
| **OFFICER ERIC COPELAND, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE JUDGE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before the Court are: Defendants' 12(b)(1) Motion for Dismissal of Assault and Battery Claims (Dkt. No. 24); Plaintiffs' Response to Defendants' Motion for Dismissal of Assault & Battery Claims (Dkt. No. 27); and Defendants' Reply in Support of their Motion for Dismissal of Assault & Battery Claims (Dkt. No. 25). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. GENERAL BACKGROUND

The Plaintiffs (collectively "Orr") bring this suit alleging damages arising from the shooting death of Ahmade Jabbar Bradley.  One of the causes of action they have brought is a state law claim of assault and battery against Officer Copeland individually. Dkt. No. 1 at 5-7. The Complaint alleges that on April 5, 2012, Officer Copeland stopped Bradley for a traffic infraction, and detained him to investigate a potential narcotics offense. Dkt. No. 1 at 3-4. After stopping and speaking briefly with Officer Copeland, Bradley drove away, and a pursuit ensured. *Id.* Eventually, Bradley stopped his car and began running. Officer Copeland caught up with Bradley and a struggle ensued, which ended with Officer Copeland shooting and killing Bradley. *Id.*

Officer Copeland moves to dismiss the assault and battery claim, pursuant to the terms to TEX. CIV. PRAC. REM. CODE § 101.106(f).[1]  The City of Austin also asks that the Court prohibit Orr from repleading to state the claim against it, because it is immune from suit on that claim.

## II.  STANDARD OF REVIEW

This motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting the Court lacks subject matter jurisdiction over the assault and battery claim.  In evaluating a challenge to subject matter jurisdiction, the Court may weigh the evidence and resolve factual disputes.  *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).  In conducting its inquiry, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts.  *Id.*  Here the Court is basing its decision on the allegations in the complaint alone.

## III. DISCUSSION

Officer Copeland brings his motion pursuant to § 101.106(f) of the TTCA.  That section provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only.  On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE § 101.106(f).  The TTCA strongly favors dismissal of suits against government employees. *Tipps v. McCraw*, 945 F. Supp. 2d 761, 766 (W.D. Tex. 2013).  To obtain dismissal under this section, the employee must show that the alleged tort was committed in the scope

---

[1]All statutory references are to Chapter 101 of the Texas Civil Practice and Remedies Code (the Texas Tort Claims Act or "TTCA"), unless otherwise noted.

of his employment, and that the claim could have been brought against the governmental unit under the TTCA. *Id.*

"Scope of employment" is defined in the TTCA as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). Courts hold that a police officer who uses excessive force is still acting within the "scope of employment" for purposes of the TTCA. *Tipps*, 945 F. Supp. 2d at 766-67; *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). "[I]f the conduct is the kind the employee is employed to perform, occurs substantially within the authorized time and space limits, and is actuated, at least in part, by a purpose to serve the employer," then the acts are still within the "scope of employment" under the Act "even if the employee . . . uses forbidden means of accomplishing results." *Herrera v. Aguilar*, 2013 U.S. Dist. LEXIS 127108, *8 (W.D. Tex. Sept. 6, 2013) (quoting *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 543-44 (1999)). Here, the encounter between Bradley and Officer Copeland started as a traffic stop, then became an investigation of Officer Copeland's suspicions that Bradley was involved in illegal drug activity, and led to a pursuit and struggle when Bradley fled. All of these actions are within the scope of a police officer's employment. *Tipps*, 945 F. Supp. 2d at 766-67; *Chambers*, 883 S.W.2d at 658.

With regard to the second half of the § 101.106(f) analysis, while prior to 2011 it may have been debatable whether an intentional tort "could" have been brought against a governmental defendant under the TTCA, that question was definitively answered in 2011 in *Franka v. Velasquez*. In that case, the Texas Supreme Court held that "all common-law tort theories alleged against a governmental unit are assumed to be 'under the Tort Claims Act' for purposes of § 101.106." *Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011). Therefore, Orr's assault and battery claim is a claim that could have been brought

against the City of Austin under the TTCA.  Because Officer Copeland has demonstrated that the assault

and battery, if any, occurred within the scope of his employment, and Orr could have brought that claim

against the City of Austin under the TTCA, he is entitled to dismissal pursuant to § 101.106(f).  *Tipps*,

945 F. Supp. 2d at 765-66.

Under § 101.106(f), when an individual demonstrates entitlement to dismissal pursuant to that

section, the court is required to dismiss the claim "unless the plaintiff files amended pleadings dismissing

the employee and naming the governmental unit as defendant on or before the 30th day after the date the

motion is filed."  As part of the motion, the City of Austin requests an order prohibiting Orr from

amending the Complaint to name the City as the defendant on the assault and battery claim, because under

the TTCA the City is immune from any assault and battery claim.  *See* § 101.057.[2]  While the City is

correct, such an order is not necessary, as Orr has not sought leave to amend the Complaint to substitute

the City as the defendant on the claim.  Further, more than 30 days have passed since the motion to

dismiss was filed on April 27, 2015, and thus it is too late to seek such leave.  If Orr seeks such leave in

the future, the Court can address the issue at that time.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Defendants' 12(b)(1) Motion

for Dismissal of Assault and Battery Claims (Dkt. No. 24) be **GRANTED,** and the assault and battery

claim against Officer Copeland be **DISMISSED** for lack of subject matter jurisdiction.

---

[2]If this result seems anomalous in light of the language of 101.106(f), which appears to grant permission to file an amended pleading naming the governmental unit in place of the employee, that's because it is.  But this result is the intended result of the Texas Supreme Court's *Franka* decision.  For a full discussion—and criticism—of the majority opinion in *Franka*, see Justice Medina's dissent in that case.  *Franka*, 332 S.W.3d at 385-95 (Medina, dissenting).

# V. WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 23rd day of June, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE